UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

GEORGE D. FITZGERALD,
        Plaintiff,

                                                        Civil Action No. 2:09-cv-139
        v.

VERMONT STATE TROOPER
JAY RIGGEN,
        Defendant.

REPORT AND RECOMMENDATION
(Document No.4)

This is a civil action brought by Plaintiff George D. Fitzgerald against Vermont State Trooper Jay Riggen. The Complaint alleges that Riggen assaulted Fitzgerald during the arrest and arrest-processing of Fitzgerald, who was in custody at the time, following his June 26, 2008 arrest in St. Albans, Vermont for driving while intoxicated.

The Complaint contains four Causes of Action. The federal Cause of Action alleges that Riggen violated Fitzgerald's Fourth Amendment right to be free from excessive force during his arrest. The three state Causes of Action are styled under the general heading "State Causes of Action," and are claims of simple assault (Count 1); reckless endangerment (Count 2); and aggravated assault (Count 3). (Doc. 1.)

Riggen has moved to dismiss the reckless endangerment and aggravated assault Causes of Action, arguing that there is no civil cause of action for these crimes. Further, Riggen contends the aggravated assault claim is duplicative of the assault claim set forth in Count 1. Fitzgerald has filed no opposition to the Motion. For the reasons set forth

1

below, I recommend that the Motion be GRANTED.

Analysis

A district court may deem a claim abandoned when a party moves for summary judgment or to dismiss a claim and the party bringing the claim, after proper service, fails to respond to the motion in any way. *Santiago v. Newburgh Enlarged School Dist.*, 485 F.Supp. 2d 327, 338 (S.D.N.Y. 2007) (collecting cases). Here, as noted above, Plaintiff has failed to respond to Defendant's Motion to Dismiss. Defendant, through a certificate of service, avers that service has been accomplished. Accordingly, the Court should grant the Motion to Dismiss for the plaintiff's failure to respond.[1]

Moreover, the Motion to Dismiss Counts 2 and 3 of the state Causes of Action should be granted on the merits. The Defendant has moved to dismiss counts 2 and 3 of the state Causes of Action for failure to state a claim. Such a motion, filed pursuant to Fed. R. Civ. P. 12(b)(6), tests the legal rather than the factual sufficiency of a complaint. See, e.g., *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000) ("At the Rule 12(b)(6) stage, '[t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'") (quoting *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998)). Accordingly, the Court must accept the factual allegations in the complaint as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200

---

[1] Plaintiff has also failed to respond to the Court's Order of September 19, 2009 (Doc. 7) directing compliance with Local Rule of Practice 73.1, which governs consent to direct assignment of cases to the Magistrate Judge. Counsel for the Defendant has advised the Clerk that defendant's effort to comply was derailed by his use of the wrong district court form.

(2007), and draw all reasonable inferences in favor of the plaintiff. *Bolt Elec., Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995).

Although reckless endangerment and aggravated assault are crimes under Vermont Law (*see* 13 V.S.A. §§ 1024, 1025), neither constitutes a civil cause of action. The Second Circuit has stated that criminal liability does not create civil liability. *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002) ("We affirm the district court's dismissal of Luckett's claims of sabotage, forgery, and perjury, which are crimes and therefore do not give rise to civil causes of action.") The limited exception to this rule applies to criminal statutes that include an express or implied civil cause of action. *Chrysler Corp. v. Brown*, 441 U.S. 281, 284 (1979).

> Vermont's reckless endangerment statute, 13 V.S.A. § 1025, provides as follows:
>
> A person who recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury shall be imprisoned for not more than one year or fined not more than $1,000.00 or both. Recklessness and danger shall be presumed where a person knowingly points a firearm at or in the direction of another, whether or not the actor believed the firearm to be loaded, and whether or not the firearm actually was loaded.

Vermont's aggravated assault statute, 13 V.S.A. § 1024, provides as follows, in relevant part:

> (a) A person is guilty of aggravated assault if the person:
>
> (1) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life; or
>
> (2) attempts to cause or purposely or knowingly causes bodily

injury to another with a deadly weapon; or

> (3) for a purpose other than lawful medical or therapeutic treatment, the person intentionally causes stupor, unconsciousness, or other physical or mental impairment or injury to another person by administering to the other person without the other person's consent a drug, substance, or preparation capable of producing the intended harm; or

> (4) with intent to prevent a law enforcement officer from performing a lawful duty, the person causes physical injury to any person; or

> (5) is armed with a deadly weapon and threatens to use the deadly weapon on another person.

There is nothing in either of these statutes that would permit a finding of an express or implied civil cause of action.

There is, of course, a civil cause of action for common law assault, but an intent to cause injury is an essential element of that claim (*see Billado v. Parry*, 937 F. Supp. 337 (D. Vt. 1996)), and the reckless endangerment statute has no such element. Therefore, the reckless endangerment Count should be dismissed for that reason as well. Finally, the aggravated assault claim is duplicative of the assault claim, and should be dismissed for this reason. *See Durante Bros. & Sons v. Flushing Nat'l Bank*, 755 F.2d 239, 251 (2d Cir. 1985) (dismissing duplicative counts).

## Conclusion

Based on the foregoing, I recommend that Defendant's Motion to Dismiss Counts 2 and 3 of the State Causes of Action (Doc. 4) be GRANTED, and Counts 2 and 3 be dismissed.

4

Dated at Burlington, in the District of Vermont, this 25th day of September, 2009.

        /s/ John M. Conroy
        John M. Conroy
        United States Magistrate Judge

Any party may object to this Report and Recommendation within ten (10) days after service, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a)6(e).